IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO COLON | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-CV-2618 |
| | : | |
| CITY OF PHILADELPHIA et al. | : | |
|     Defendants | : | |
| | : | |

**EXPLANATION AND ORDER**

**I.     Background**

Pedro Colon ("Colon" or "Plaintiff") claims he was assaulted by Philadelphia police officers on May 18, 2004, when they entered his home in pursuit of a suspect, erroneously detained him, and punched him several times. The assault caused profuse bleeding in and around Plaintiff's eyes. As a result, Colon was not able to adequately discern the identity of all of the officers he alleges attacked him.

On May 17, 2006, he filed a complaint based upon 42 U.S.C. § 1983 (via the Fourth and Fourteenth Amendments) and state law against the City of Philadelphia, its Police Commissioner Sylvester Johnson, and one of its officers Stephen Grace. Again, the blood in his eyes prevented him from positively identifying — and therefore from naming in his complaint — all of the officers who allegedly participated in the assault.

Officer Scott Pastman was present during the incident. Colon learned this on May 5, 2006, when he received a incident report from Defendants, but Colon did not name Pastman in the May 17, 2006 complaint because Colon did not know the extent of Pastman's involvement. Colon

1

deposed Pastman on June 28, 2007 and gained more information. On November 2, 2007, Colon filed a motion for leave to amend the complaint to add § 1983 (Fourth and Fourteenth Amendment) claims and state law claims against Pastman.

**II.     Discussion**

Federal Rule of Civil Procedure 15 instructs that a court "should freely give leave [to amend] when justice so requires." However, leave will not be granted when any claims sought to be added would be "futile," for example, when they would be barred by the statute of limitations. Foman v. Davis, 371 U.S. 178, 180 (1962).

All of the claims sought to be asserted against Pastman are governed by the Pennsylvania two-year personal injury statute of limitations. 42 Pa. Cons. Stat. § 5524 (state law assault claims); Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003) (§ 1983 claims). Defendants argue that the two-year period began to run on May 18, 2004 (the date of the alleged incident) and therefore would have expired on May 18, 2006 if it ran inexorably without interruption. Thus, Defendants argue that claims sought to be added in Colon's November 2, 2007 motion are barred by the statute of limitations.

But, the statute will be tolled during a period in which a plaintiff exercising reasonable diligence was unable to discover the identity of a putative defendant. See, e.g. Fine v. Checcio, 870 A.2d 850, 860-861 (Pa. 2005). Therefore, the two-year period was tolled until (at the earliest) May 5, 2006, when Colon was first made aware of Pastman's identity and could have reasonably followed

up with the Police Department to learn the details of his involvement.[1] The claims sought to be added against Pastman are therefore timely because they were brought on November 2, 2007, well within two years of May 5, 2006.

---

[1] Defendants suggest that Colon was put on-notice of Pastman's involvement at an earlier point in the litigation. However, the earliest date of any of the exhibits to Defendants' Response is May 5, 2006. (Doc. # 21, Ex. C).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO COLON | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-CV-2618 |
| | : | |
| CITY OF PHILADELPHIA et al. | : | |
| Defendants | : | |
| | : | |

**ORDER**

**AND NOW**, on this ___4th___ day of March 2008, it is **ORDERED** that Colon's Motion to Amend the Complaint (Doc. # 19) is **GRANTED**.

s/Anita B. Brody
_____
ANITA B. BRODY, J.

**Copies VIA ECF on _____ to _____**          **Copies MAILED on _____ to _____**

4